UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ryan Hooks,                              :   Case No. 1:07-cv-520
                                         :
    Petitioner,                          :
                                         :
vs.                                      :
                                         :
Michael Sheets, Warden,                  :
                                         :
    Respondent.                          :

**ORDER**

Before the Court are Petitioner's Objections to the Report and Recommendation of the Magistrate Judge. (Doc. 18) The Report and Recommendation (Doc. 15) concludes that Petitioner's state sentence did not violate the due process or the ex post facto clauses of the United States Constitution, as alleged in the petition. This Court agrees with the Magistrate Judge's conclusions, and adopts his recommendation that the petition be denied on the merits.

**FACTUAL BACKGROUND**

Petitioner Ryan Hooks was charged in Butler County, Ohio with four counts of cocaine possession, included in three separately-numbered cases. These charges were based on several incidents that occurred from July 28 through September 8, 2003. All four offenses were felonies of varying degrees under Ohio Rev. Code §2925.11(A). Hooks entered guilty pleas to three of these charges in the first two cases on September 22, 2003. He

was subsequently charged in a third case with a single, fifth-degree felony possession count, to which he pled guilty on October 31, 2003.  (Doc. 7, Exhibits 5, 6, and 8)

   Hooks was sentenced in all three cases on the same day, and the trial court's written sentencing orders were entered on January 21, 2004.  (See Doc. 7, Exhibits 9, 10, and 11.)  In the first case, Hooks received concurrent terms of six years for the second-degree felony and four years for the third-degree felony, terms to run consecutively to a sentence previously imposed on him in yet another, unrelated Butler County case.  (Hooks states he pled guilty on September 17, 2003 to a fourth-degree felony trafficking charge and a possession charge, both premised on a May 29, 2003 incident.  Hooks apparently did not appeal that sentence.)  In the second case involving a third-degree felony, Hooks was sentenced to a three-year term to be served consecutively to all of his other sentences.  And in the third case, a single fifth-degree felony, he was sentenced to eleven months with this term also to run consecutively to all of his the other sentences.  Hooks asserts he was sentenced to a total of eleven years and four months, along with fines and restitution.

   Hooks appealed his sentence, but his appeal was dismissed when his counsel failed to file a proper brief.  Hooks obtained new counsel and successfully sought to reopen his direct appeal under Ohio R. App. P. 26(B).  His assignments of error included a

claim that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004), because it was based upon facts that were neither found by the jury nor admitted in his guilty pleas. The trial court's sentencing orders made specific findings to impose consecutive sentences, as required under Ohio law. The trial court found that consecutive sentences were necessary to protect the public from future crime or to punish the defendant, and were not disproportionate to the seriousness of defendant's conduct and the danger he poses to the public. The court also found that defendant's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crimes.

While Hooks' appeal was pending, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), which held that portions of Ohio's sentencing statute under which Hooks had been sentenced violated Blakely. The Supreme Court held unconstitutional R.C. §2929.14(B), which stated that the sentencing court "shall impose the shortest prison term authorized for the offense ..." unless the defendant had previously served a prison term, or "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The Court also invalidated Section 2929.14(E)(4) concerning consecutive

sentences. The sentencing court may impose consecutive terms for multiple offenses if it finds that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the court must find at least one of three additional facts: the offender was already under court supervision when the offenses were committed; or, at least two offenses were part of a course of conduct that caused great or unusual harm; or, that the offender's criminal history demonstrates that consecutive terms are necessary for public protection.

The Ohio Supreme Court also held that Ohio's "statutory maximum" sentence (which under Apprendi[1] and Blakely is "the maximum prison term authorized by the jury verdict or the facts admitted by a defendant upon acceptance of a plea") is "the top of the [statutory] sentencing range for the crime of which the defendant is convicted. For example, if the offender is convicted of a first-degree felony, the 'statutory maximum' is ten years under R.C. 2929.14(A)(1)." State v. Foster, 109 Ohio St.3d at 29.

The Court then addressed the appropriate remedy to the Blakely problem. It found that the unconstitutional provisions

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

(including others not relevant to this case) could be severed from the balance of the sentencing statute: "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at 30.  The Court required that any case pending on direct review must be remanded for re-sentencing:

> [T]he defendants are entitled to a new
> sentencing hearing although the parties may
> stipulate to the sentencing court acting on
> the record before it.  Courts shall consider
> those portions of the sentencing code that
> are unaffected by today's decision and impose
> any sentence within the appropriate felony
> range.  If an offender is sentenced to
> multiple prison terms, the court is not
> barred from requiring those terms to be
> served consecutively.  While the defendants
> may argue for reductions in their sentences,
> nothing prevents the state from seeking
> greater penalties.

Id. at 31.

On March 20, 2006, the Ohio Court of Appeals sustained Hooks' Blakely claims, and remanded his case to the trial court for re-sentencing consistent with Foster.  The Court of Appeals found that the trial court had imposed greater than minimum and consecutive sentences upon Hooks, relying on two of the statutory sections Foster found unconstitutional.  Hooks sought reconsideration of that decision.  He argued that remand was appropriate based on Blakely, which would presumptively entitle

-5-

him to sentences at the statutory minimum without consecutive terms.  He claimed that a remand to apply <u>Foster</u>'s severance remedy, with discretion vested in the judge, would violate the Ex Post Facto and Due Process clauses of the United States constitution.  The Court of Appeals denied Hooks' request for reconsideration, and the Ohio Supreme Court denied leave to appeal, finding the case did not involve any substantial constitutional issue.

Upon remand and after a hearing, the trial court re-sentenced Hooks on May 22, 2006 to the same terms of imprisonment that the court had previously imposed.  Hooks then filed his petition for habeas corpus in this Court.  He brings a single claim, that his re-sentencing under <u>Foster</u> violated his rights under the ex post facto and due process clauses.

## ANALYSIS

Respondent initially contends that Hooks failed to exhaust his claim because he did not appeal his May 2006 re-sentencing. The Magistrate Judge rejected this contention, because Hooks raised the identical claim in both his motion for reconsideration to the Ohio Court of Appeals, and his petition for review in the Ohio Supreme Court.  Any attempt to pursue a delayed state court appeal at this juncture would be futile, especially in view of the apparent uniform rejection by the Ohio courts of ex post facto challenges to <u>Foster</u>.  The Court agrees with the Magistrate

Judge's recommendation, and will consider the merits of Hooks' petition under 28 U.S.C. §2254(b)(2), permitting denial on the merits despite a failure to exhaust state remedies.

The Magistrate Judge concluded that Hooks' petition does not trigger the ex post facto clause, which operates to limit legislative powers, not judicial decisions.  See <u>Rogers v. Tennessee</u>, 532 U.S. 451, 456 (2001).  Hooks admits this established principle in his objections. (Doc. 18, p. 9.)  But he argues that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law ..." and violates the Fourteenth Amendment's due process clause (quoting <u>State v. Garner</u>, 74 Ohio St.3d 49, 57 (Ohio 1995)).  As the Supreme Court held in <u>Rogers</u>, "retroactive judicial decision-making must comport with core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct."  <u>Rogers</u>, 532 U.S. at 459, citing <u>Bouie v. City of Columbia</u>, 378 U.S. 347 (1964).

Neither <u>Blakely</u> nor <u>Foster</u> enlarged the criminal statutes under which Hooks pled guilty.  And neither case altered the range of potential penalties he faced.  Hooks' written pleas each explicitly stated the maximum prison term applicable to each count to which he pled guilty.  When Hooks was originally

sentenced, R.C. §2929.14 provided that a second-degree felony carried a statutory prison term of two to eight years; a third degree felony carried a term of one to five years; and a fifth degree felony carried a term of six to twelve months. Each sentence Hooks received was less than the applicable statutory maximum. Hooks' written pleas also state that the second and third degree felonies carry prison terms that are "mandatory/consecutive" and that prison terms are "presumed necessary." Hooks cannot claim he did not have notice of the potential penalties he was facing.

The Supreme Court held in Blakely that, other than a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 303. The "statutory maximum" sentence is one that the judge can impose solely on the basis of the facts admitted by the defendant. Hooks pled guilty to specified state felonies that carried specific statutory sentencing ranges. He did not receive a sentence that exceeded the statutory maximum for any count, and each sentence was below the maximum.

Hooks argues that the Ohio Supreme Court's severance remedy adopted in Foster deprived him of a pre-existing "liberty interest." He argues that, pre-Foster, Ohio's sentencing statute codified a presumption that a defendant should receive a minimum,

-8-

concurrent sentence, and that sentencing courts could not impose more without specific fact findings. Hooks relies on <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980), where the Supreme Court found that a prisoner's due process rights had been violated during sentencing. Hicks had been sentenced under an Oklahoma "habitual offender" statute mandating a forty-year prison term, and the jury had been instructed that it was required to impose that sentence. The statute was found unconstitutional after Hicks was sentenced, and he appealed on that basis. The state courts denied his appeal because his sentence was within the range that the jury "could have" imposed. The Supreme Court reversed. Under Oklahoma law, Hicks had a right to be sentenced by a jury; absent the habitual offender statute, a jury could have sentenced him to any term not less than ten years. The Supreme Court held that Hicks had "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion ...". The state court's "arbitrary disregard" of that right was a denial of due process. <u>Hicks</u>, 447 U.S. at 346.

<u>Hicks</u> does not aid Petitioner in this case, as the Magistrate Judge correctly concluded. The Ohio Supreme Court concluded that the Ohio Legislature specifically delegated the sentencing role to judges, not to juries. <u>Foster</u> rejected the proposed <u>Blakely</u> remedy offered by the defendants, to limit the

sentencing court's discretion to imposing minimum term, concurrent sentences.  Such a limitation would have contravened the broader goals of the statutory sentencing scheme, which had required the judge's factual findings in order to "guide trial courts to select sentences within a range rather than to mandate specific sentences within that range."  Foster, 109 Ohio St.3d at 27.  Excising the statute's judicial fact-finding requirements that ran afoul of Blakely did not impermissibly alter those broad legislative goals.

This Court concludes, as did the Magistrate Judge (and Ohio courts addressing this question), that Hooks did not have a state-created "liberty interest" in Ohio's pre-Foster sentencing statute.  See, e.g., State v. Freeman, 2008 Ohio 1410 (Ohio Ct. App. 5th Dist., March 27, 2008), noting that the appellant "... does not have the right to a windfall sentence under an unconstitutional scheme, but only the right to a new sentencing proceeding under a constitutional one.  Under the current remedy as set forth in Foster, appellant was entitled to a new sentencing hearing, unencumbered by the presumptive term and unencumbered by the judicial fact-finding necessary to overcome the presumption."  Id. at ¶25.  See also, State v. Hines, 2007 Ohio 3126 (Ohio Ct. App. 3rd Dist., June 25, 2007), rejecting identical arguments and citing additional Ohio authorities.  The Court does not view Petitioner's arguments any differently, and

-10-

n

arrives at the same result.

   Finally, Hooks argues that Cunningham v. California, 549 U.S. 270 (2007) requires a different result.  Cunningham addressed California's determinate sentencing scheme, which required a trial court to sentence to the middle of three precisely defined terms (six, twelve or sixteen years), unless the judge found aggravating or mitigating factors supporting the highest or the lowest term.  The California Supreme Court found that, for Blakely purposes, the "relevant statutory maximum" was the highest possible sentence, of sixteen years, and therefore the sentencing scheme did not violate Blakely.  The Supreme Court disagreed, concluding that the trial judge had no discretion to impose anything but the middle term, absent impermissible judicial fact-finding supporting a different sentence.

   Cunningham's rationale does not apply to the Ohio Supreme Court's Blakely remedy adopted in Foster.  Ohio's sentencing scheme expressly accords the sentencing court, not the jury, the discretion to select a sentence within a capped statutory range. The Ohio Supreme Court expressly so held in State ex rel. Mason v. Griffin, 104 Ohio St. 3d 279, 282 (Ohio 2004), granting a writ of prohibition against a trial judge who, in the wake of Blakely, intended to conduct a sentencing hearing before a jury: "Moreover, insofar as [the trial court] determined that Blakely might render these statutes unconstitutional, he should apply the

-11-

pertinent sentencing statutes without any enhancement provisions found to be unconstitutional by him."  Hooks suggests that this dicta is binding upon the Ohio trial courts after Blakely.  But in Foster, the Ohio Supreme Court squarely addressed Blakely and created a remedy.  The dicta from Griffin is irrelevant.

The Court therefore adopts the well-reasoned Report of the Magistrate Judge.  The petition for a writ of habeas corpus (Doc. 1) is **DENIED** with prejudice.

The Magistrate Judge also recommends that this Court issue a certificate of appealability pursuant to 28 U.S.C. §2253(c), because Petitioner's constitutional arguments are adequate to deserve encouragement for further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).  The Court agrees, and orders that a certificate of appealability shall issue.

The Court also concludes that an appeal of this Order would be taken in good faith pursuant to 28 U.S.C. §1915(a) and, therefore, grants petitioner leave to appeal in forma pauperis.

**SO ORDERED.**

DATED: October 3, 2008           s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                 United States District Court